[907 NYS2d 569]

JOHN GIUGLIANO, DC, P.C., as Assignee of Laura Hebenstreit, Plaintiff, v MERCHANTS MUTUAL INS. Co., Defendant.

Civil Court of the City of New York, Kings County, July 27, 2010

**APPEARANCES OF COUNSEL**

*Israel, Israel & Purdy LLP*, Great Neck (*Josephine Lupis-Usinger* of counsel), for plaintiff. *Peknik Peknik & Schaefer LLC*, Long Beach (*Matthew Bruzzese* of counsel), for defendant.

**OPINION OF THE COURT**

PAMELA L. FISHER, J.

Plaintiff, John Giugliano, DC, P.C., assignee of Laura Heben-

streit, instituted this action to recover first party no-fault benefits from defendant Merchants Mutual Ins. Co. A trial was held before this court on June 30, 2010. After considering and evaluating the trial evidence and upon weighing and assessing the credibility of the witnesses, the court makes the following findings of fact and conclusions of law.

At trial, the parties stipulated that plaintiff established its prima facie case, that defendant established timely denials, and that the bills, denials, and underlying medical records would be admitted into evidence. The sole issue remaining for trial was whether plaintiff was entitled to recover for the claims submitted based on the New York Workers' Compensation Medical Fee Schedule (hereafter "Fee Schedule").

As stated in *Roberts Physical Therapy, P.C. v State Farm Mut. Auto Ins. Co.* (14 Misc 3d 1230[A], 2006 NY Slip Op 52565[U], *2 [Civ Ct, Kings County 2006]), in order

> "[t]o contain the cost of providing medical services to patients treated under New York's No-Fault law, the state legislature set limits on the fees health care providers may charge patients who sustain injuries . . . by incorporating into the no-fault scheme the fee schedules established by the Worker's Compensation Board for industrial accidents."

The Fee Schedule is divided into seven sections: Introduction and General Guidelines, Evaluation and Management, Anesthesia, Surgery, Radiology, Pathology and Laboratory, Medicine, and Physical Medicine. The Fee Schedule also contains a chiropractic fee schedule section, and a psychology fee schedule section. Each of these sections lists a variety of medical procedures and assigns to each procedure a number known as a current procedural terminology registry code (hereinafter CPT code). In the instant matter, plaintiff, a licensed chiropractor, submitted bills indicating that manipulation of spine under anesthesia (CPT code 22505) and closed treatment of mandibular fracture with manipulation (CPT code 21451) were performed on the assignor. The CPT codes which plaintiff utilized in billing are listed in the surgery section of the Fee Schedule. Dr. Macki was identified as the primary surgeon and Dr. Giugliano was identified as the co-surgeon for the procedures.

Defendant called Laurene Skeffington, a compliance analyst, to testify regarding whether plaintiff properly billed for the services pursuant to the Fee Schedule. Ms. Skeffington testified that it was not appropriate for a chiropractor to utilize the surgical fee schedule even when the procedures performed are not

listed under the chiropractic fee schedule. She also testified that it was not appropriate to bill CPT code 22505 twice regardless of the fact that both the thoracic and cervical spine were treated.

Plaintiff called Dr. John Giugliano as a rebuttal witness. Dr. Giugliano testified that as the procedures performed, manipulation of spine under anesthesia and closed treatment of mandibular fracture with manipulation, are not listed under the chiropractic fee schedule it was appropriate for them to be billed utilizing the CPT codes listed in the surgery section of the Fee Schedule. Dr. Giugliano stated that it was permissible for CPT code 22505 to be billed twice as two separate areas were treated, namely the thoracic and cervical spine. Dr. Giugliano testified that the procedures required the participation of two doctors and that he served as co-surgeon during the procedures.

It should be noted that the surgery section of the Fee Schedule denotes different percentages of payment based on whether a participating surgeon is acting as a "Surgical Assistant" or a "Co-Surgeon." A surgical assistant bills at 16%, while co-surgeons are directed to apportion billing in relation to the responsibility and work done. (*See* New York Workers' Compensation Fee Schedule, Surgery, at 4.) Defendant's witness did not offer testimony regarding whether plaintiff should have billed as a surgical assistant or a co-surgeon. Plaintiff's rebuttal witness, Dr. Giugliano, testified that the classifications are interchangeable and he was entitled to bill as a co-surgeon. Absent proof to the contrary, the court finds that plaintiff was entitled to bill as a co-surgeon under the Fee Schedule.

With respect to plaintiff utilizing the surgery CPT codes, the court finds that plaintiff successfully rebutted defendant's testimony and plaintiff was entitled to use these CPT codes as the procedures were not listed under the chiropractic fee schedule. When a charge for a reimbursable service has not been scheduled by the superintendent, then the provider shall establish a fee consistent with other fees for comparable procedures shown in such schedule subject to review by the insurer. (*Id.*; *see also Studin v Allstate Ins. Co.*, 152 Misc 2d 221 [Suffolk Dist Ct 1991].) Therefore, the court finds that plaintiff established that the procedures were properly billed pursuant to the Fee Schedule and plaintiff is entitled to be reimbursed for the services performed.

Judgment in favor of the plaintiff in the amount of $2,980.58 plus costs, disbursements, statutory interest and statutory attorneys fees.